UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MUTHEE MUNYWE,

      Plaintiff,

 v.

MARY ROBNETT, et al.,

      Defendant.

CASE NO. 3:21-cv-05604-RSM-BAT

**REPORT AND RECOMMENDATION**

Plaintiff submitted a *pro se* prisoner 28 U.S.C. § 1983 civil rights complaint on August 20, 2021. Dkts. 1, 6. The Court has screened the complaint under 28 U.S.C. § 1915A(a) as it seeks relief against state actors. Under § 1915A(a) the Court must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The present complaint is the second complaint Plaintiff has filed revolving around claims that state actors in Pierce County conspired to obstruct justice, fabricate evidence, and deny him a fair and speedy trial. Plaintiff seeks money damages, an order directing the Pierce County

REPORT AND RECOMMENDATION - 1

Prosecuting Attorney to make improvements to its office and by implication, to overturn his conviction.

Because the present complaint is duplicative of the complaint Plaintiff filed earlier on June 9, 2021, (*Munywe v. Peters, et al.,* 3:21-cv-05431-BJR-JRC), the Court recommends it be dismissed without prejudice. Leave to amend the complaint should be denied. The allegations in the present complaint are part and parcel of a previously filed action which is pending before another District Judge.  Any amendment would thus be futile.

## BACKGROUND

**A.  First Complaint**

On June 9, 2021, Plaintiff filed a civil rights complaint that was docketed as *Munywe v. Peters, et al.,* 3:21-cv-05431-BJR-JRC (hereafter "First Complaint"). The First Complaint alleged the following defendants violated Plaintiff's rights: Pierce County Deputy Prosecuting Attorney (DPA) Scott Peters, DNA analyst Jennifer Hayden, Tacoma Detective Julie Dier, Crime Scene Technician Malerie Ramos, Tacoma Detective William Muse, City of Tacoma, and the Washington State Crime Laboratory.

In Count I, Plaintiff alleges defendants conspired to obstruct justice, deny rights and "violated a fair trial." In specific, Plaintiff alleges DPA Peters and Ms. Hayden conspired to suppress and spoil exculpatory evidence, discarded evidence, and "locked out exculpatory DNA."

In Count II, Plaintiff alleges "forgery, fabrication and falsification of evidence."  In support, Plaintiff alleges DPA Peters forged and fabricated evidence of phone contacts between a "complainant and plaintiff."

In Count III, Plaintiff alleges his right to a speedy trial and equal protection were violated. Plaintiff alleges DPA Peters "disparaged Plaintiff" by withholding DNA results for too long and delayed trial by lying to the trial Court about the availability of the evidence. DPA Peters obtained multiple continuances based upon lies and discrimination against Plaintiff. DPA Peters also conspired with Ms. Hayden so that she would not perform "serology testing" on the evidence gathered.

In Count IV, Plaintiff alleges Ms. Hayden should have known it is important to test DNA in an impartial unbiased way but was instead negligent by failing to test saliva. Ms. Hayden also violated Plaintiff's rights by discarding or not testing crucial evidence that had been presented to her for testing.

In Count V, Plaintiff alleges Tacoma Police Officers Dier, Ramos and Muse violated his rights at the police station by "expose Plaintiff's nudity," photographed him, to torture, humiliate and "compel him to a confession."

In Count VI, Plaintiff alleges the Washington State Crime Laboratory violated his rights by allowing employees such as Ms. Hayden to be negligent.

In County VII, Plaintiff alleges that the City of Tacoma allows its police officers to engage in unlawful practices.

As relief, Plaintiff seeks money damages; suspension of DPA Peter's license to practice law; an investigation of DPA Peter's past and present practices and standards of conduct; a probe of DPA Peters and order directing him not to meddle with DNA evidence in Plaintiff's post-conviction case or any other case: an order nullifying any testing done by Ms. Hayden and preventing her from doing any testing in Plaintiff's post-conviction case or any other case

REPORT AND RECOMMENDATION - 3

involving Plaintiff; an order directing the Washington State Crime Laboratory not to do any testing in any case related to Plaintiff; and costs and fees.

**B. Present Complaint**

In the complaint filed in this cause, Plaintiff names as defendant Pierce County Prosecuting Attorney Mary Robnett, Pierce County, and the Pierce County Prosecuting Attorney's Office. The allegations flow from the allegations contained in the Plaintiff's First Complaint. In Count I, Plaintiff again alleges Defendants conspired to obstruct justice, deny rights and "violated a fair trial." In specific, Plaintiff alleges Ms. Robnett was the "topmost" prosecutor when DPA Rogers was prosecuting Plaintiff between 2019 and 2020. Plaintiff alleges that as DPA Roger's boss, Ms. Robnett had knowledge of his unlawful actions and created the rules that created the work environment for DPA Roger's misconduct. Plaintiff further alleges Ms. Robnett allowed DPA Rogers to act with substantial final authority that "emboldened" him to violate Plaintiff's rights by forging and falsifying evidence. Plaintiff alleged Ms. Robnett is liable as a policy maker because she knew DPA was violating Plaintiff's rights.

Plaintiff also alleges that Pierce County is liable for the actions of the Pierce County Prosecuting Attorney's Office and by failing to adequately train prosecuting attorneys so they will not violate a criminal defendant's rights.

In Count II, Plaintiff alleges that DPA Peters violated his rights "through forgery, fabrication and falsification of evidence." Plaintiff reasserts the allegations in the First Complaint that DPA Peters fabricated evidence of phone contacts between a complainant and Plaintiff. Plaintiff also alleges that Ms. Robnett is liable for DPA's actions.

In Count IIIs, Plaintiff alleges he was denied a fair and speedy trial. He again alleges as he did in the First Complaint that DPA Rogers withheld DNA results, lied to the Court about

REPORT AND RECOMMENDATION - 4

their availability and thereby improperly delayed his trial. Plaintiff contends Ms. Robnett is also liable for DPA Roger's actions.

As relief, Plaintiff seeks monetary damages, an order directing Ms. Robnett to improve her office's standards and review all the constitutional violations committed by her office; an order directing Pierce County to provide more funding to better train the prosecutor's office; and costs and fees.

## DISCUSSION

As noted above, the Court is required to screen prisoner complaints and to dismiss those that are frivolous. *See* 28 U.S.C. § 1915A. The statute does not define "frivolous or malicious," but courts have uniformly agreed, at a minimum, a malicious lawsuit is one that is duplicative of another federal lawsuit involving the same plaintiff and defendant. *See, e.g., Spillard v. Costa*, 2020 WL 5039205 at * 1 (E.D. Cal. Aug. 26, 2020) ("[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e).") (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), overruled on other grounds *by Taylor v. Sturgell,* 553 U.S. 880, 904 (2008); *see also Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant.").

Here, the present complaint is based upon the alleged actions of Pierce County DPA Rogers. The present complaint reraises the allegations against DPA Rogers. It adds three new

REPORT AND RECOMMENDATION - 5

defendants, Pierce County, the Pierce County Prosecuting Attorney's Office, and the Pierce County Prosecuting Attorney Mr. Robnett on the theory that they are liable for the actions of Pierce County DPA Rogers. The claims against the new defendants are based entirely upon the fact that DPA Rogers is a Pierce County and Pierce County Prosecuting Attorney employee and that the new defendants are liable for DPA Roger's actions. The new defendants thus add nothing that is not already inherently a part of the First Complaint, and to the extent the new defendants provide further fodder for Plaintiff's claims against DPA Rogers they can be added to the First Complaint via amendment.

The Court also notes a motion to dismiss the allegations against DPA Rogers was filed on August 23, 2021 in Plaintiff's first complaint. If the motion is granted, then Plaintiff's claims against Pierce County, the Prosecutor's Office and Ms. Robnett necessarily fail, as the liability of these defendants flow from DPA Roger's alleged misconduct. If DPA Roger's motion to dismiss the claims against him in the first complaint is denied, then Plaintiff can add move to add Pierce County, the Prosecutor's Office and Ms. Robnett to the First Complaint that is currently before the Honorable Barbara Rothstein.

In sum, given the virtual overlap of the First Complaint and the present complaint, the fact DPA Rogers has filed a motion to dismiss in the first complaint, and the fact that depending on the outcome of that motion Plaintiff could move to add to the first complaint the County, Prosecutor's Office and Ms. Robnett as defendants, the Court recommends the present complaint be DISMISSED as duplicative of the First Complaint and the matter be closed.

REPORT AND RECOMMENDATION - 6

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **September 15, 2021.** The Clerk should note the matter for **September 17, 2021**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 1st day of September 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge