UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL MUTHEE MUNYWE,<br><br>Plaintiff,<br><br>v.<br><br>MARY ROBNETT, et al.,<br><br>Defendants. | Case No. C21-5604-RSM-BAT<br><br>ORDER REVOKING IN FORMA PAUPERIS ON APPEAL |

This matter comes before the Court on a referral from the Ninth Circuit Court of Appeals to determine whether in forma pauperis ("IFP") status should continue on appeal. Dkt. #15. Pro se Plaintiff Michael Muthee Munywe was granted leave to proceed in forma pauperis in this matter on April 4, 2022. Dkt. #5. On September 1, 2021, Magistrate Judge Tsuchida found Mr. Munywe's complaint duplicative of one filed earlier in *Munywe v. Peters, et al.*, 3:21-cv-05431-BJR-JRC, and recommended dismissal without prejudice. Dkt. #7. The Court adopted this Report and Recommendation and dismissed this case on September 30, 2022. Dkt. #11.

Where, as here, a party was permitted to proceed IFP in the District Court, the party may proceed on appeal in forma pauperis without further authorization unless the District Court certifies in writing that the appeal is not taken in good faith or that the party is not otherwise

ORDER REVOKING IN FORMA PAUPERIS ON APPEAL - 1

entitled to proceed IFP.  Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").  An appeal is taken in "good faith" where it seeks review of at least one issue or claim that is found to be "non-frivolous."  *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).  An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Legally frivolous claims are those "based on an indisputably meritless legal theory," such as claims against defendants who are immune from suit or for infringement of a legal interest that clearly does not exist.  *Id*. at 327.

A review of the Complaint in this action and that in the previous action filed by Mr. Munywe clearly indicates that these cases are duplicative, or that the instant case alleges claims that are properly added to the first case, still pending before Judge Rothstein.  *See* Dkt. #7 at 6 ("The claims against the new defendants are based entirely upon the fact that DPA Rogers is a Pierce County and Pierce County Prosecuting Attorney employee and that the new defendants are liable for DPA Roger's actions. The new defendants thus add nothing that is not already inherently a part of the First Complaint, and to the extent the new defendants provide further fodder for Plaintiff's claims against DPA Rogers they can be added to the First Complaint via amendment.").  A duplicative lawsuit is properly dismissed under 28 U.S.C. § 1915A.  *See, e.g.*, *Spillard v. Costa*, 2020 WL 5039205 at * 1 (E.D. Cal. Aug. 26, 2020); *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007) ("Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'").

For the reasons set forth above, the Court continues to believe that any appeal of this ruling necessarily lacks an arguable basis in law or in fact.  The Court cannot find that

ORDER REVOKING IN FORMA PAUPERIS ON APPEAL - 2

Plaintiff's appeal has been taken in good faith, and maintains that, by its assessment of the proposed Complaint, Plaintiff's claims are legally frivolous or malicious.

Accordingly, the Court hereby FINDS AND ORDERS that Plaintiff's in forma pauperis status is REVOKED.

DATED this 17th day of October, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER REVOKING IN FORMA PAUPERIS ON APPEAL - 3